**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHNNY LEE ROBINSON,

　　　　　　Petitioner–Appellant,

v.

JAMES RUDEK,

　　　　　　Respondent–Appellee.

No. 11-6306

(D.C. No. 5:10-CV-00836-D)

(W.D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. Following a jury trial, Petitioner was convicted by an Oklahoma state court of assault and battery with a dangerous weapon after former convictions. His conviction and sentence were affirmed on direct appeal. He then filed two applications for post-conviction relief, both of which were denied. In denying relief on Petitioner's second application for post-conviction relief, the Oklahoma Court of Criminal Appeals held that the claims raised in this application were procedurally barred because they could have been and were not raised in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the first application for post-conviction relief.

In the instant habeas petition, Petitioner argued that (1) he was not mentally competent at the time of his trial; (2) he was denied his right to appeal the prior convictions used to enhance his sentence; (3) his conviction violated his Double Jeopardy rights; (4) his sentence violated the Eighth Amendment; and (5) he was denied effective assistance of appellate counsel because counsel mistakenly referred to his conviction as one for first-degree murder rather than assault and battery. The matter was referred to a magistrate judge, who concluded that all but the first claim were procedurally barred because they were raised for the first time either in the second application for state post-conviction relief or in the instant federal habeas petition. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267-69 (10th Cir. 1999). As for the competency claim, the magistrate judge recommended denial of this claim on the merits. The magistrate judge concluded that the evidence in the record did not support this claim and, indeed, that Petitioner's trial testimony demonstrated his ability to understand and participate in the proceedings against him. After considering Petitioner's objections, the district court adopted the magistrate judge's recommendation and denied relief.

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Our independent review of the record persuades us that reasonable jurists would not debate the magistrate judge's thorough explanation of why relief should be denied, nor would reasonable jurists debate the district court's

decision to adopt that recommendation. For substantially the same reasons given by the magistrate judge and district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's request for the appointment of counsel to represent him on appeal is **DENIED**. Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge